Renaldo M. WILLIAMS,
Plaintiff–Appellant,

v.

Anthony C. NEWLAND;  et al.,
Defendants–Appellees.

No.  00–16263.

D.C. No.  CV–99–02371–LKK (JFM).

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

---

1.  In light of our decision, we do not reach the merits of Hill's remaining contentions on appeal.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

■ Renaldo M. Williams, a California state prisoner, appeals pro se the district court's judgment sua sponte dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review de novo dismissals under the Prison Litigation Reform Act screening provisions, 28 U.S.C. §§ 1915A(a), 1915A(b)(1) & (2). *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000).

■ Williams was not denied procedural due process because he has no liberty interest in not being placed in administrative segregation. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir.1997). In addition, the filing of a disciplinary charge against him by correctional officers is not actionable because Williams was afforded the procedural protections set out in *Wolff v. McDonnell,* 418 U.S. 539, 563, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Because Williams was not eligible for staff assistance under Cal.Code Regs. tit. 15, § 3336(b), denial of such assistance is not actionable. Without more, Williams's bare allegation that he was placed in administrative segregation pending the investigation of a criminal infraction fails to state a claim under the Eighth Amendment. *Cf. Anderson v. County of Kern,* 45 F.3d 1310, 1316 (9th Cir.1995).

Williams's remaining contentions are without merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

